IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RANDY MCKINLEY,

    *Plaintiff*,

v.

TRANS UNION, LLC,

    *Defendant*.

Civil No.: 1:24-cv-00986-JRR

### MEMORANDUM OPINION

This matter comes before the court on Defendant Trans Union, LLC's Motion to Dismiss Plaintiff's Complaint at ECF No. 5 (the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be granted.

**I.    BACKGROUND**[1]

Plaintiff initiated this action against Defendant in the District Court of Maryland for Baltimore County (Complaint No. D-08-CV-24-013150) on March 4, 2024. (ECF No. 3; the "Complaint.") Plaintiff asserts that his right to privacy was violated in violation of the Fair Credit Reporting Act ("FCRA") because he did not "authorize Upgrade Inc to report information to the credit bureaus on [his] behalf," citing to 15 U.S.C. §§ 1681(a)(4) and 1681a(2). (ECF No. 3.) Construed broadly, Plaintiff's Complaint asserts a violation of the FCRA under 15 U.S.C. § 1681b(a)(2)—the specific FCRA provision that he quotes.[2]

---

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 3.) *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

[2] To the extent Plaintiff intended to assert a violation of 15 U.S.C. § 1681a, any such claim would fail because the FCRA's "definitional provision . . . provides no right of action." *See McMillan v. Templin*, No. CV JKB-22-1675, 2023 WL 3996477, at *10 (D. Md. June 14, 2023); *Lyles v. Medicredit, Inc.*, No. CV TDC-21-0789, 2021 WL 6501328, at *3 (D. Md. Oct. 12, 2021). The same is true of any "violation of privacy" claim asserted under 15 U.S.C. § 1681(a)(4)—the FCRA's congressional findings provision does not provide a "viable cause of action" because it

On the basis of federal question jurisdiction, Defendant subsequently removed the action to this court on April 4, 2024. (ECF No. 1.) On April 11, 2024, Defendant filed the instant Motion, seeking to dismiss Plaintiff's Complaint for failure to state a claim. (ECF No. 5.) Plaintiff filed no response to the Motion.

## II.  LEGAL STANDARDS

A motion asserted under Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp.

---

does not "make[] any particular activity illegal." *Lyles*, 2021 WL 6501328, at *3; *see Young v. Experian Info. Sols., Inc.*, No. CV TDC-22-1057, 2022 WL 16540838, at *4 (D. Md. Oct. 28, 2022).

3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

### III.  ANALYSIS

As an initial matter, the court is ever mindful that "*pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Gray v. Wash. Metro Area Transit Auth.*, No. DKC-16-1792, 2017 WL 511910, at *2 (D. Md. Feb. 8, 2017) (citing *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)). "Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented." *Id.* (citations omitted).

Under the FCRA, a consumer reporting agency may only furnish a consumer report under certain circumstances, such as upon written instructions of the consumer to whom it relates or to a person which it has reason to believe—

> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
> (B) intends to use the information for employment purposes; or
> (C) intends to use the information in connection with the underwriting of insurance involving the consumer; or
> (D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or
> (E) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an

3

> assessment of the credit or prepayment risks associated with, an existing credit obligation; or
> (F) otherwise has a legitimate business need for the information--
> > (i) in connection with a business transaction that is initiated by the consumer; or
> > (ii) to review an account to determine whether the consumer continues to meet the terms of the account.
> (G) executive departments and agencies in connection with the issuance of government-sponsored individually-billed travel charge cards.

15 U.S.C. § 1681b(a).

Plaintiff's claim against Defendant fails because he does not allege that Defendant improperly furnished his credit report. In any event, even construing Plaintiff's allegations to include such an assertion, the Complaint remains deficient because furnishing a credit report without a consumer's written instruction does not itself violate the FCRA. As this court has previously explained, "the plain language of 15 U.S.C. § 1681b(a) establishes . . . there are several other circumstances under which a consumer reporting agency may furnish consumer reports to others," and a plaintiff does not state a claim where he "fails to allege, or provide a basis to conclude, that the furnishing of his consumer report did not comply with any of the other permitted circumstances identified in 15 U.S.C. § 1681b(a)." *Young v. Experian Info. Sols., Inc.*, No. CV TDC-22-1057, 2022 WL 16540838, at *3 (D. Md. Oct. 28, 2022); *see Lyles v. Medicredit, Inc.*, No. CV TDC-21-0789, 2021 WL 6501328, at *3 (D. Md. Oct. 12, 2021) (same). Accordingly, where, as here, Plaintiff's sole allegation appears to be that Defendant furnished a consumer report without his written instruction, he fails to state a claim under 15 U.S.C. § 1681b(a).

## IV. CONCLUSION

For the reasons set forth herein, by separate order, the Motion (ECF No. 5) will be granted, and this action will be dismissed.[3]

Date: November 20, 2024                      /s/_____
                                                                    Julie R. Rubin
                                                                    United States District Judge

---

[3] Defendant seeks dismissal with prejudice. The court declines to dismiss this action with prejudice. *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (stating that "the nature of dismissal" is left to "the sound discretion of the district court").